ESTABAN TORRES, Conservator of the Estate of Amalia Torres, Incompetent, Plaintiff-Appellant, v. THE STATE OF ILLINOIS, Defendant-Appellee.

Third District    No. 77-328

Opinion filed January 30, 1978.

Paul Perona, Jr., of Perona and Perona, of Spring Valley, for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the conservator of the estate of Amalia Torres, an incompetent, from an order of the circuit court of Bureau County which granted the State of Illinois motion to dismiss the complaint filed on behalf of the incompetent on the grounds that the action was one which properly should be a matter for the court of claims.

On September 30, 1970, Amalia Torres was injured in an automobile accident near Peru, Illinois. As the result of said accident she received

injuries which resulted in her becoming both physically and mentally incompetent.

Subsequent to the accident a complaint was filed in the Illinois Court of Claims against the State of Illinois on behalf of Amalia Torres and she was awarded the sum of $25,000, which was the maximum award allowable by the court of claims as of the date of the occurrence.

Subsequent to the court of claims award the conservator of Amalia Torres filed a suit contesting the maximum limitation as to damages allowable in the court of claims. As we have previously stated, the trial court dismissed this action and this appeal ensued.

The sole issue presented for review is whether the award limitation on damages in the court of claims is unconstitutional in that it denies a plaintiff certain constitutional and common law rights.

This precise question is not a new one to a court of review and it has been specifically held that the Court of Claims Act does not deny equal protection to persons who must pursue their remedies only in that court even though their damages exceed the amount of the award allowable. (See *Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 355 N.E.2d 537.) In the recent case of *Mora v. State* (1977), 68 Ill. 2d 223, 369 N.E.2d 868, our supreme court summarily decided the issue presented in this appeal by calling attention to the fact that the argument to the effect that the provisions of the Court of Claims Act are involved under the equal protection and due process clauses of the Federal Constitution has in the space of two years been twice rejected by that court. Our supreme court then cites the cases of *Williams v. Medical Center Com.* (1975), 60 Ill. 2d 389, 328 N.E.2d 1, and *Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 355 N.E.2d 537.

The position of our supreme court is so well established concerning the validity of the provisions of the Court of Claims Act that no useful purpose would be served by engaging ourselves in a further dissertation on the subject.

For the reasons set forth the action of the trial court dismissing the suit of Amalia Torres which sought to contest the maximum limitation as to allowable damages in the court of claims is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.